IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE OWEN DUSTIN,

               Petitioner,                    No. 2:11-cv-2752 JFM (HC)

   vs.

GIPSON, *Warden*,                   <u>ORDER AND</u>

               Respondent.         <u>FINDINGS & RECOMMENDATIONS</u>

_____/

            Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

            Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

            Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court ...." Rule 4 of the Rules Governing Section 2254 Cases. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u>

1

1   <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a

2   petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting

3   each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the

4   petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory

5   Committee Notes, 1976 Adoption; <u>O'Bremski</u>, 915 F.2d at 420.  Allegations in a petition that are

6   vague, conclusory, or palpably incredible are subject to summary dismissal.  <u>Hendricks</u>, 908

7   F.2d at 491.

8          Further, the Advisory Committee Notes to Rule 8 indicate that the court may

9   dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to

10  the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory

11  Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u> <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.

12  2001).

13         Petitioner, who is currently incarcerated at Corcoran State Prison, was sentenced

14  in June 1995 to a term of 39 years 4 months.  <u>See</u> Pet. at 2.  In the petition pending before the

15  court and filed on October 13, 2011, petitioner appears to challenge the 1995 conviction.[1]

16  Petitioner's first challenge to the 1995 conviction, a petition for writ of habeas corpus filed in

17  2000, resulted in a dismissal with prejudice as untimely pursuant to the Antiterrorism and

18  Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A).  <u>See</u> <u>Dustin v. Galaza, et al.</u>,

19  2:00-cv-0109-WBS-JFM (HC).  Recently, petitioner's 2010 habeas petition challenging his 1995

20  conviction was also dismissed as untimely.  <u>See</u> <u>Dustin v. Lopez</u>, 2:10-cv-2107-MCE-JFM (HC).

21  /////

22

23        [1]  Petitioner has filed multiple complaints pursuant to 42 U.S.C. § 1983 and petitions for
    habeas relief pursuant to 28 U.S.C. § 2254 in this court.  Repeatedly, the court has addressed the
24  illegibility of the pleadings, the vagueness of the claims and the disorganized formatting, making
    it difficult for the court to read and understand petitioner's claims.  <u>See</u>, <u>e.g.</u>, 1:03-cv-5626-AWI-
25  LJO, Doc. No. 10; 1:05-cv-0697-AWI-DLB, Doc. No. 24; 2:08-cv-0995-GEB-DAD, Doc. No. 31.
    Upon review of the petition and the attached documents, the court has deciphered the petition as best
26  as it can.

Generally, a petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits.  Burton v. Stewart, 549 U.S. 147 (2007); see also Slack v. McDaniel, 529 U.S. 473, 485-86 (2000).  Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition.  See Burton, 549 U.S. 147.

Because "dismissal of a habeas petition as untimely constitutes a disposition on the merits and [ ] a further petition challenging the same conviction [is] 'second or successive' for purposes of 28 U.S.C. § 2244(b)," McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009), this court advised petitioner that, prior to filing a second or "successive" petition, he must first seek relief from the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244.  See Dustin v. Galaza, et al., 2:00-cv-0109, Doc. No. 24 at 2.  Since petitioner has not demonstrated that the appellate court has authorized this court to consider a second or successive petition, this action must be dismissed for lack of jurisdiction.  See Burton, 549 U.S. 147; Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).  Without jurisdiction, the court is also unable to consider petitioner's November 30, 2011 motion for temporary restraining order.  Accordingly, this motion should be denied.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

1     Where, as here, the petition is dismissed on procedural grounds, a certificate of
2     appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it
3     debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of
4     reason would find it debatable whether the petition states a valid claim of the denial of a
5     constitutional right.'"  <u>Morris v. Woodford</u>, 229 F.3d 775, 780 (9th Cir. 2000) (quoting <u>Slack v.</u>
6     <u>McDaniel</u>, 529 U.S. 473, 484 (2000)).

7     After careful review of the entire record herein, this court finds that petitioner has
8     not satisfied the first requirement for issuance of a certificate of appealability in this case.
9     Specifically, there is no showing that jurists of reason would find it debatable whether this action
10    is barred as second or "successive."   Accordingly, the court should not issue a certificate of
11    appealability.

12    Therefore, IT IS HEREBY ORDERED that:

13    1.  Petitioner is granted leave to proceed in forma pauperis;

14    2.  The Clerk of the Court assign a district judge to this matter; and

15    IT IS HEREBY RECOMMENDED that:

16    1.  The petition for writ of habeas corpus be dismissed;

17    2.  Petitioner's November 30, 2011 motion for temporary restraining order be
18    denied; and

19    3.  The court decline to issue a certificate of appealability.

20    These findings and recommendations are submitted to the United States District
21    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
22    days after being served with these findings and recommendations, any party may file written
23    objections with the court and serve a copy on all parties.  Such a document should be captioned
24    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
25    objections shall be filed and served within fourteen days after service of the objections.  The
26    /////

1   parties are advised that failure to file objections within the specified time may waive the right to

2   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: February 6, 2012.

4

5

6                                                      UNITED STATES MAGISTRATE JUDGE

7   /014;dust2752.114.jfm

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26